NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

_____
                           :
FREDERICK MILLER,          :
                           :      Civ. No. 20-2246 (RMB)
          Petitioner       :
                           :
     v.                    :      **OPINION**
                           :
DAVID E. ORTIZ,            :
                           :
          Respondent       :
_____:

BUMB, United States District Judge

This matter comes before the Court upon Petitioner's petition for writ of habeas corpus under 28 U.S.C. § 2241 (Pet., Dkt. No. 1.) Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts,[1] the judge must promptly examine the petition and "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." § 2254, Rule 4. For the reasons discussed below, the Court will dismiss the petition.

---

[1] Rule 4 is applicable to habeas petitions under 28 U.S.C. § 2241 under Rule 1, scope of the rules. § 2254, Rule 1.

I.   BACKGROUND

Petitioner, a prisoner incarcerated in the Federal Correctional Institution in Fort Dix, New Jersey, is challenging the sentence imposed on him for drug offenses after his conviction by a jury in the United States District Court, Southern District of Alabama. United States v. Miller, 1:14-306(CG-B-1) (S.D. Ala. Aug. 10, 2016) (Dkt. No. 170.)[2] Petitioner was sentenced to a 204-month term of imprisonment. Id. Petitioner did not appeal nor did he file a motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255. Id.; see also Pet. ¶¶7-12, Dkt. No. 1.

II.  DISCUSSION

   A.   The Petition

For his first ground for relief, Petitioner alleges that the location where his offense allegedly occurred was never ceded to the United States; therefore, the court lacked jurisdiction over him. (Pet., ¶13, Dkt. No. 1.) In Ground Two of the petition, Petitioner asserts a fraud was committed on the court by bringing the claim in federal rather than state court. (Id.) In Ground Three, Petitioner contends the sentencing court lacked federal question jurisdiction. (Id.)

   B.   Analysis

      1.   The § 2255(e) Saving Clause

---

[2]   Available at www.pacer.gov.

2

Congress enacted 28 U.S.C. § 2255 to replace traditional habeas corpus under § 2241 for federal prisoners, for the purpose of allowing prisoners to file motions seeking collateral review of their sentences in the sentencing court rather than in the district of confinement. Bruce v. Warden Lewisburg, 868 F.3d 170, 178 (3d Cir. 2017). A federal prisoner must seek collateral review of his conviction or sentence under § 2255, unless the prisoner can establish that the saving clause of § 2255(e) is applicable. Id. The saving clause applies when the remedy by motion under § 2255 is inadequate or ineffective to test the legality of a prisoner's sentence. Bruce, 868 F.3d at 178 (citing § 2255(e)).

In 1996, Congress added significant gatekeeping provisions to § 2255, restricting second or successive § 2255 motions solely to instances of "newly discovered evidence" or "a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." Id. at 179 (quoting § 2255(h)). Congress did not address how a prisoner could raise a claim on collateral review that the federal criminal statute he was convicted for violating has since been interpreted more narrowly. Id. Thus, the Third Circuit determined that "in the unusual situation where an intervening change in statutory interpretation runs the risk that an individual was convicted of conduct that is not a crime, and that change in the law applies retroactively in cases on collateral review, he may seek another

3

round of post-conviction review under § 2241." Id. (quoting In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997)).

To proceed under § 2241, two conditions must be met: (1) a prisoner must assert a claim of actual innocence because he is detained for conduct subsequently rendered non-criminal by an intervening Supreme Court precedent that, as found by the Third Circuit, applies retroactively in cases on collateral review; and (2) the prisoner must be barred from challenging the legality of his conviction under § 2255; in other words, the prisoner "'had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate.'" Cordaro v. United States, 933 F.3d 232, 239-40 (3d Cir. Aug. 5, 2019) (quoting In re Dorsainvil, 119 F.3d at 252.)

        2.    Whether Petitioner's Claims Fall Within the Saving Clause of § 2255(e)

Petitioner's claims do not rely on an intervening change in statutory interpretation by the Supreme Court. Petitioner had an opportunity to challenge jurisdiction over his criminal case at trial, on direct appeal and by motion under § 2255. It is now well beyond the one-year statute of limitations to do so. 28 U.S.C. § 2255(f). Moreover, Petitioner's claim that his offense occurred in Alabama and not in the United States is frivolous. Therefore, it is not in the interests of justice, pursuant to 28 U.S.C. § 1631, to transfer the petition to the sentencing court to determine

whether statutory or equitable tolling would permit him to bring his claims in a § 2255 motion.

III. CONCLUSION

    For the reasons discussed above, the Court lacks jurisdiction over Petitioner's petition for writ of habeas corpus under § 2241 and the petition is dismissed.

An appropriate Order follows.

**Date:  August 3, 2020**

                                        s/Renée Marie Bumb
                                        **RENÉE MARIE BUMB**
                                        **UNITED STATES DISTRICT JUDGE**